[No. 38062.    Department One.    January 6, 1966.]

THE CITY OF SEATTLE, *Respondent,* v. ROGER EVANS *et al.,*
*Appellants.**

*Thomas J. Isaac,* for appellants.

*A. L. Newbould* and *Richard C. Nelson,* for respondent.

BARNETT, J.† — Appellants, Roger Evans and Clifton Evans, appeal from convictions of disturbing the public peace by making loud and disturbing noises, in violation of a Seattle city ordinance.

There is no substantial quarrel regarding the facts of this case.  Seattle police officers Kurtilla and Sprinkle were on duty in the neighborhood of appellants' residence one day in March, 1964.  They observed, parked near the residence, two cars which they suspected as being involved in a car-theft ring.  Investigating, they questioned appellant Roger

*Reported in 409 P.2d 656.

†Judge Barnett is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

Evans, who was working on a third car parked in front of the house. As the two officers and Roger were walking across the yard in the direction of the two cars parked in the driveway, Roger vociferously protested the presence of the officers on his property. When asked by Roger if they had a warrant to search the property, the officers admitted that they did not and proceeded to withdraw. As the trio neared the sidewalk, they were joined by Roger's brother, appellant Clifton Evans, who was then returning from work. After being apprised of the situation, Clifton likewise proceeded to berate the officers in loud and clamorous voice for their improper presence. When one of the officers touched Clifton on the shoulder, a brawl ensued, culminating in the arrest of the Evans brothers. By this time, a crowd of some 50 persons had gathered.

At the conclusion of the evidence, the court instructed the jury, including instruction No. 6:

If you find from the evidence that neither of the parties defendant made a loud noise, then you are directed to acquit both of them. If you find from the evidence that either or both of the defendants made a loud noise, and if you further find *that such loud noise was not as a result of the actions of the officers,* then you are directed to find the defendant guilty who made such noise, if any. (Italics ours.)

Appellants took no exception to this nor to any other instruction given by the court.

Appellants here contend that they were entrapped by the officers into pursuing the course of conduct which ultimately led to their arrest and conviction. They conceded in their brief:

[T]he court recognized the applicability of the doctrine of entrapment and gave Instruction No. 6. Although this instruction was not worded as clearly as it could be, the court still applied the doctrine.

Thus appellants seem to admit that the issue of entrapment was sufficiently put to the jury. However, they now argue that, notwithstanding the adverse verdict of the jury, the facts show that they were entrapped as a matter of law.

█ The gist of their argument is that when improper creative activity by law enforcement officials induces the accused to adopt a course of conduct which otherwise he would not have done, he has been entrapped as a matter of law. *We cannot agree.* Even assuming, *arguendo,* that the presence of the officers on appellants' property was "improper" and was also the "creative activity" inducing appellants to breach the peace, it does not follow that entrapment is a defense here. Not every creative activity on the part of law officers constitutes entrapment. See, *Seattle v. Gleiser,* 29 Wn.2d 869, 189 P.2d 967 (1948), and cases cited therein. We have held that, in order to assert the defense of entrapment, the accused must show that the officer in question originated the idea of committing the crime involved. *State v. Berry,* 200 Wash. 495, 93 P.2d 782 (1939). No such proof was forthcoming at trial.

The city suggests that instruction No. 6, *supra,* places the defense of *provocation* before the jury rather than that of *entrapment.* With this we agree. In any event, the jury, having all the evidence before it, was justified in rejecting the defense and in returning a verdict of guilty.

Judgment affirmed.

ROSELLINI, C. J., HILL, OTT, and HUNTER, JJ., concur.